# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RUDOLPH COLAHAR and JAN'E<br>COLAHAR,<br><br>      Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK N.A. and<br>US BANK, NATIONAL ASSOCIATION,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 14-426-SLR<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM

1. **Introduction**. Plaintiffs Jan'e Colahar ("Jan'e") and Rudolph Colahar ("Rudolph") (together "plaintiffs") proceed *pro se* and have paid the filing fee. They filed this lawsuit against defendants Wells Fargo Bank N.A. ("Wells Fargo") and US Bank, National Association ("US Bank") (together "defendants") alleging the wrongful foreclosure of real property located at 53 Hempstead Drive, Newark, Delaware, "involving a bankruptcy discharge." (D.I. 2.) Plaintiffs challenge a judgment as "void" and allege that "the expected end results are an offset of the balance that the alleged bank claim[s] is owed on the property, even though the house was discharge[d] in bankruptcy." (*Id.* at ¶¶ 2, 12)

2. **Background**. On April 25, 2014, Jan'e filed a motion for an injunction and restraining order (D.I. 5) against defendant Wells Fargo and non-party Mortgage Contracting Services, LLC ("MCS"), opposed by MCS (D.I. 10)[1] to stop them from taking her home. Jan'e contends that Wells Fargo hired MCS to seize the property. She

---

[1]To date, the named defendants have not been served.

indicates that the "house has not been sold or auction[ed]." (D.I. 5, ¶ 4) In addition, she contends that items have been stolen from the property and that Wells Fargo has attempted "to have the electric company to change the bill in their name." (*Id.* at ¶ 6)

3. In its opposition to the motion, MCS provides evidence that the real property at issue is the subject of a foreclosure action in the Superior Court of the State of Delaware in and for New Castle County ("Superior Court"), *U.S. Bank v. Colahar*, C.A. No. N09L-11-024 JAP, that commenced on November 4, 2009. (D.I. 10, Ex. A) The property was most recently scheduled for a sheriff's sale on April 8, 2014, but the sale was stayed when Rudolph filed a Chapter 13 petition for bankruptcy in the United States Bankruptcy Court for the District of Maryland ("Maryland Bankruptcy Court") on April 3, 2014, *In re: Colahar*, Bankr. No. 14-15282-PM (Bankr. D. Md.); (*Id.* at Exs. A, B, C) During the relevant time-frame, Rudolph has filed two other bankruptcy petitions in the Maryland Bankruptcy Court, both of which resulted in an automatic stay. See *In re: Colahar*, Bankr. No. 11-25341 (Bankr. D. Md.) filed July 27, 2011; *In re: Colahar*, Bankr. No. 13-23620 (Bankr. D. Md.) filed August 9, 2-13. On April 22, 2014, the Maryland Bankruptcy Court dismissed *In re: Colahar*, Bankr. No. 14-15282-PM after Rudolph failed to pay the required filing fee. (*Id.* at Ex. D) In the same order, the Maryland Bankruptcy Court terminated the automatic stay that had been imposed pursuant to 11 U.S.C. § 362(a). (*Id.*) Jan'e filed the instant motion on April 25, 2014.

4. Plaintiffs' complaint/notice of lis pendens states that "on April 12, 2011, the property at issue was identified by the bankruptcy trustee on grounds that there are liens against the property of greater value then [sic] the property itself." (D.I. 2, ¶ 4)

Records from the United States Bankruptcy Court for the District of Delaware ("Delaware Bankruptcy Court") indicate that Jan'e, like Rudolph, filed bankruptcy proceedings during the relevant time-frame, both of which included the real property at issue as property of the bankruptcy state; the first filed on September 13, 2010, and the second filed on July 9, 2012. *See In re Colahar, Bankr.* No. 10-12868-BLS (Bankr. D. Del.); *In re Colahar, Bankr.* No. 12-12014-BLS (Bankr. D. Del.). In both proceedings, the Delaware Bankruptcy Court granted relief from the automatic stay with respect to the property at issue upon US Bank's motion and a subsequent finding that US Bank's interest in the property was not adequately protected. The Delaware Bankruptcy Court stated, "[US Bank] is hereby granted relief from the automatic stay, and the automatic stay is terminated, with respect to [US Bank's] interest in the property. [US Bank] is hereby permitted to exercise its rights under applicable non-bankruptcy law against the property, including but not limited to foreclosure of the mortgage." *In re Colahar, Bankr.* No. 10-12868-BLS (Bankr. D. Del.) at D.I. 33; *In re Colahar, Bankr.* No. 12-12014-BLS (Bankr. D. Del.) at D.I. 23. Both bankruptcy proceedings filed in the Delaware Bankruptcy Court are closed. *See In re Colahar, Bankr.* No. 10-12868-BLS (Bankr. D. Del.) at D.I. 66; *In re Colahar, Bankr.* No. 12-12014-BLS (Bankr. D. Del.) at D.I. 24.

5. **Standard of Review**. A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir.

3

1999) ("NutraSweet II"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("NutraSweet I") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153.

6. **Discussion**. Jan'e seeks to restrain MCS from seizing plaintiffs' real property located at 53 Hempstead Drive in Newark, Delaware. The property in question, however, is the subject of a foreclosure action currently pending in the Superior Court. MCS opposes the motion on the grounds that Jan'e has failed to meet the requisites for injunctive relief. It further argues that, were the court to grant the motion, it would violate the *Rooker-Feldman* doctrine.

7. The court turns first to the *Younger* abstention doctrine. Under *Younger*, a federal district court must abstain from hearing a federal case which interferes with certain state proceedings.[2] *See Younger v. Harris*, 401 U.S. 37 (1971). In addition, under *Younger*, federal courts are prevented from enjoining pending state proceedings absent extraordinary circumstances.[3] *Middlesex Cnty. Ethics Comm. v. Garden State*

---

[2] The court may raise the issue of *Younger* abstention *sua sponte*. *O'Neill v. City of Philadelphia*, 32 F.3d785, n.1 (3d Cir. 1994).

[3] The abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37 (1971), provides that federal courts are not to interfere with pending state criminal proceedings. The *Younger* doctrine has been extended to civil cases and state administrative proceedings. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592 (1975).

4

*Bar Ass'n*, 457 U.S. 423, 437 (1982). Abstention is appropriate when: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the federal claims. *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). The doctrine applies to proceedings until all appellate remedies have been exhausted, unless the matter falls within one of the *Younger* exceptions.[4] *Huffman v. Pursue Ltd.*, 420 U.S. 592, 608 (1975).

8. The *Younger* elements have been met and none of the exceptions apply. First, there are on-going state proceedings for the foreclosure of real property. Second, Delaware has an important interest in resolving real estate issues, and a ruling in the Delaware courts implicates the important interest of preserving the authority of the state's judicial system. *See e.g.*, *Almazan v. 1ˢᵗ 2ⁿᵈ Mortg. Co. of NJ, Inc.*, 2011 WL 2670871 (D.N.J. June 2, 2011) (finding that the State has important interests in the foreclosure of property under the *Younger* doctrine); *Greg v. Pagano*, 287 F. App'x 155 (3d Cir. 2008) (unpublished) (court abstained under the *Younger* doctrine where plaintiffs sought a declaration that the judge was not authorized to nullify transfer of title and for an order enjoining the sheriff from conducting a sheriff's sale.). Finally, plaintiffs have an adequate opportunity to raise any potential claims in state court. Accordingly, the court must abstain pursuant to *Younger* and its progeny. *See Pennzoil Co. v.*

---

[4]Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," *Younger*, 401 U.S. at 46, where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief." *Id.* at 54.

*Texaco, Inc.,* 481 U.S. 1, 15 (1987) (stating that *Younger* abstention is favored even after the plaintiffs failed to raise their federal claims in the ongoing state proceedings).

9. In addition, the *Rooker-Feldman* doctrine prohibits this court from maintaining subject matter jurisdiction over Jan'e's motion which effectively seeks to vacate orders of the Superior Court. "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (citations omitted). The court finds that the *Rooker-Feldman* doctrine claim bars Jan'e's motion because the relief she seeks would require "(1) the federal court [to] determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court [to] take an action that would negate the state court's judgment . . . ." *In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005).

10. As evidenced by the docket sheet for the Superior Court case, a default judgment was entered against plaintiffs in May 2010, and sheriff's sales of the foreclosed property were stayed a number of times as a result of individual bankruptcy proceeding initiated by plaintiffs in separate bankruptcy courts. The most recent sheriff's sale, scheduled for April 8, 2014, was stayed as a result of Rudolph's most recent bankruptcy filing, Bankr. No. 14-15282-PM (Bankr. D. Md.). That case is now closed, and the automatic stay has been lifted. In essence, it seems Jan'e asks the court to determine that Superior Court rulings were erroneously entered and to grant

6

relief in the form of an injunction to preclude the sheriff's sale of the foreclosed property. This court does not have the power to grant such a request.

11. Finally, the Anti-Injunction Act prohibits federal courts from interfering with proceedings in the state courts. "A court of the United States may not grant injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. *See Clark v. United States Bank Nat'l Ass'n*, 2004 WL 1380166, at *3 (E.D. Pa. June 18, 2004) ("The Anti-Injunction Act simply does not allow federal courts to enjoin state court proceedings, including mortgage foreclosure actions, absent the application of an exception under the statute.") (citations omitted).

12. **Conclusion**. For the above reasons, the court will deny the motion for an injunction and restraining (D.I. 5). A separate order shall issue.

Dated: May  $\underline{J1}$ , 2014

UNITED STATES DISTRICT JUDGE

7