# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RUDOLPH COLAHAR and JAN'E COLAHAR, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 14-426-SLR<br>) |
| WELLS FARGO BANK N.A. and US BANK, NATIONAL ASSOCIATION, | )<br>)<br>) |
| Defendants. | ) |

Rudolph and Jan'e Colahar, Bear, Delaware. Pro se Plaintiffs.

Geoffrey Graham Grivner, Esquire, Buchanan Ingersoll & Rooney P.C., Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

Dated: October 31, 2014
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiffs Jan'e Colahar ("Jan'e") and Rudolph Colahar ("Rudolph") (together "plaintiffs") proceed *pro se* and have paid the filing fee. They filed this lawsuit against defendants Wells Fargo Bank N.A. ("Wells Fargo") and US Bank, National Association ("US Bank") (together "defendants") alleging the wrongful foreclosure of real property located at 53 Hempstead Drive, Newark, Delaware. (D.I. 2.) Before the court are numerous motions filed by the parties. (D.I. 14, 19, 20, 22, 26, 27, 29)

## II. PROCEDURAL AND FACTUAL BACKGROUND

The court construes plaintiffs' initial pleading, "notice of lis pendens," as a complaint. The complaint was filed on April 7, 2014. (D.I. 2) It does not appear from the court docket that the parties have been served as required by Fed. R. Civ. P. 4.

The complaint states that "this action comes from a foreclosure issue involving a bankruptcy discharge." (D.I. 2, ¶ 3) The complaint alleges that Wells Fargo is using an in rem proceeding to take the property in question. (*Id.* at ¶ 7) Wells Fargo is the servicer of the mortgage on the property and US Bank is the holder/owner of the mortgage. (D.I. 14) The complaint refers to an affidavit of obligation served upon Wells Fargo, alleges that Wells Fargo has not rebutted the affidavit, that the affidavit creates a commercial lien when not rebutted, and that the surety for the affidavit of obligation is the real property at issue. (D.I. 2, ¶¶ 8-11) The complaint alleges that property was identified by the bankruptcy trustee on grounds there are liens against the property of greater value than the property itself. (*Id.* at ¶ 4) The complaint challenges a judgment as "void" and alleges that "the expected end results are an offset of the balance that the

alleged bank claim[s] is owed on the property, even though the house was discharge[d] in bankruptcy." (*Id.* at ¶¶ 2, 12)

The court takes judicial notice that the real property at issue is the subject of a foreclosure action in the Superior Court of the State of Delaware in and for New Castle County ("Superior Court"), *U.S. Bank v. Colahar*, C.A. No. N09L-11-024 JAP (Del. Super.), that commenced on November 4, 2009. (D.I. 10, Ex. A) Default judgment was entered against plaintiffs on May 27, 2010. (D.I. 14, ex. A) The foreclosure proceeding was stayed after Jan'e filed a Chapter 7 bankruptcy petition, *In re Jane Colahar*, Bankr. No. 12-12014-BLS. (*Id.* at ex. B)

Jan'e's bankruptcy proceeding was dismissed on August 27, 2012 following a motion to dismiss by the bankruptcy trustee noting that Jan'e had filed a Chapter 13 bankruptcy case on September 13, 2010, Bankr. No. 10-12868 (converted to a Chapter 7 on January 18, 2011), that Jan'e was granted a discharge on April 19, 2011, making dismissal appropriate. (*Id.* at ex. C) Jan'e also filed a lawsuit against US Bank contesting the foreclosure proceedings, *Colahar v. US Bank*, Civ. No. N11C-04-128 JAP (Del. Super.). (*Id.* at ex. D) The case was dismissed with prejudice on August 30, 2012. (*Id.* at ex. E)

The property was scheduled for a sheriff's sale on April 8, 2014, but the sale was stayed when Rudolph filed a Chapter 13 petition for bankruptcy in the United States Bankruptcy Court for the District of Maryland ("Maryland Bankruptcy Court") on April 3, 2014, *In re: Colahar*, Bankr. No. 14-15282-PM (Bankr. D. Md.). (D.I. 10, exs. A, B, C) Rudolph also filed two other bankruptcy petitions in the Maryland Bankruptcy Court, both of which resulted in an automatic stay. See *In re: Colahar*, Bankr. No. 11-25341

(Bankr. D. Md.) filed July 27, 2011; *In re: Colahar*, Bankr. No. 13-23620 (Bankr. D. Md.) filed August 9, 2-13. On April 22, 2014, the Maryland Bankruptcy Court dismissed *In re: Colahar*, Bankr. No. 14-15282-PM after Rudolph failed to pay the required filing fee. (*Id.* at Ex. D) In the same order, the Maryland Bankruptcy Court terminated the automatic stay that had been imposed pursuant to 11 U.S.C. § 362(a). (*Id.*) On July 17, 2014, plaintiffs filed a writ of de novo alleged fraud upon the court in the State foreclosure proceeding. (D.I. 24, ex.)

Defendants Wells Fargo and US Bank move to dismiss the complaint for failure to state a claim upon which relief may be granted and pursuant to the *Rooker-Feldman* doctrine.[1] (D.I. 14) In turn, plaintiffs filed the following motions: motion for declaratory judgment (D.I. 19),[2] motion for time to respond to defendants' motion to dismiss (D.I. 20), motion for summary judgment (D.I. 22),[3] motions to amend complaint (D.I. 26, 29), and motion for entry of default of defendants (D.I. 27).[4] Plaintiffs oppose the motion to

---

[1] The *Rooker-Feldman* doctrine refers to principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker–Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

[2] The motion refers to "Exhibit B." The exhibit is not attached.

[3] The motion is a combined motion for summary judgment and objection to defendants' motion to dismiss.

[4] Plaintiffs recently requested a hearing on the motion for entry of default. (D.I. 31)

3

dismiss on the grounds that they were never served with a copy of the motion.[5] (D.I. 22)

## III. STANDARD OF REVIEW

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570).

To determine whether a complaint meets the pleading standard as set forth in *Twombly* and *Iqbal*, the court must: (1) outline the elements a plaintiff must plead to a

---

[5]The motion to dismiss does not contain a certificate of service, however, defendants filed a notice of certificate of service indicating that the motion to dismiss was served upon plaintiffs on June 6, 2014. (D.I. 16) Plaintiffs filed their opposition on July 30, 2014. (D.I. 22)

4

state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted) (citing *Iqbal*, 556 U.S. at 679; *Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60, 73 (3d Cir. 2011). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Because plaintiffs proceed *pro se*, their pleading is liberally construed and their complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV. DISCUSSION

Defendants move for dismissal on the grounds that the *Rooker-Feldman* doctrine bars plaintiffs' claim because the relief they appear to seek would require this court to determine that the state court judgment was erroneously entered or to take action that would negate the state court's judgment. Plaintiffs do not address this issue in their opposition to the motion to dismiss.

Defendants further move to dismiss on the grounds that plaintiffs have failed to state a claim upon which relief may be granted. Plaintiffs respond that they were not served with a copy of the motion to dismiss. The court finds that, even if plaintiffs were not served with a copy at the time the motion to dismiss was filed, no prejudice has occurred, given that they were ultimately served a copy of the motion to dismiss (*see*

5

D.I. 16), and plaintiffs filed their objection to the motion. Plaintiffs further argue that dismissal is not appropriate because "there was no reason why Wells Fargo [] should have hired an attorney when they failed to answer the affidavit of obligation prior to the filing of this case." (D.I. 22)

The court turns first to the *Younger* abstention doctrine which the court may raise *sua sponte*. See *O'Neill v. City of Philadelphia*, 32 F.3d 785, n.1 (3d Cir. 1994). Under *Younger*, a federal district court must abstain from hearing a federal case which interferes with certain state proceedings.[6] See *Younger v. Harris*, 401 U.S. 37 (1971). Abstention is appropriate when: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the federal claims. *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). The doctrine applies to proceedings until all appellate remedies have been exhausted, unless the matter falls within one of the *Younger* exceptions.[7] *Huffman v. Pursue Ltd.*, 420 U.S. 592, 608 (1975).

The *Younger* elements have been met and none of the exceptions apply. First, there are on-going state proceedings for the foreclosure of real property. Second,

---

[6]The abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37 (1971), provides that federal courts are not to interfere with pending state criminal proceedings. The *Younger* doctrine has been extended to civil cases and state administrative proceedings. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592 (1975).

[7]Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," *Younger*, 401 U.S. at 46, where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief." *Id.* at 54.

Delaware has an important interest in resolving real estate issues, and a ruling in the Delaware courts implicates the important interest of preserving the authority of the state's judicial system. *See e.g., Almazan v. 1st 2nd Mortg. Co. of NJ, Inc.*, 2011 WL 2670871 (D.N.J. June 2, 2011) (finding that the State has important interests in the foreclosure of property under the *Younger* doctrine); *Greg v. Pagano*, 287 F. App'x 155 (3d Cir. 2008) (unpublished) (court abstained under the *Younger* doctrine where plaintiffs sought a declaration that the judge was not authorized to nullify transfer of title and for an order enjoining the sheriff from conducting a sheriff's sale.). Finally, plaintiffs have an adequate opportunity to raise any potential claims in state court.[8] Accordingly, the court must abstain pursuant to *Younger* and its progeny. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (stating that *Younger* abstention is favored even after the plaintiffs failed to raise their federal claims in the ongoing state proceedings).

In the alternative, the *Rooker-Feldman* doctrine prohibits this court from maintaining subject matter jurisdiction over plaintiffs' complaint which effectively seeks to vacate orders of the Superior Court. "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (citations omitted). The court finds that the *Rooker-Feldman* doctrine claim bars plaintiffs' complaint because the relief they seek would require "(1) the federal court [to] determine that the state court

---

[8]Plaintiffs have filed two motions to amend the complaint. (D.I. 26, 28) The proposed amendments include numerous allegations such as mail fraud, mortgage fraud, conspiracy, violations of constitutional rights, violations of federal law, and alleged criminal conduct. (D.I. 26, 29) The court does not consider the motions to amend or the proposed amendments given that plaintiffs have the opportunity of raising said claims in the foreclosure case pending in the State Court.

judgment was erroneously entered in order to grant the requested relief, or (2) the federal court [to] take an action that would negate the state court's judgment . . . ." *In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005).

## V. CONCLUSION

For the above reasons, the court will deny as moot plaintiffs' motions and will grant defendants' motion to dismiss.[9] (D.I. 14, 19, 20, 22, 26, 27, 29) The court finds amendment futile.

A separate order shall issue.

---

[9] Inasmuch as the court abstains from this proceeding, it sees no need to address the issue of whether the complaint fails to state a claim upon which relief may be granted.